UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEBRIAL RASMY,<br><br>        Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL CORP.,<br><br>        Defendant. | Civil Action No._____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Marriott International, Inc. (improperly pled as "Marriott International Corp.") ("Marriott" or "Defendant"), by and through its undersigned attorneys, hereby removes the above-captioned matter from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. Removal is proper based upon the following:

### Commencement of Action in State Court

1. *Pro se* plaintiff Gebrial Rasmy ("Plaintiff") commenced a civil action in the Supreme Court of the State of New York, New York County, by filing a Complaint on or about March 6, 2019 captioned "*Gebrial Rasmy v. Marriott International Corp.,*" Index No. 100285-19 ("Complaint").

2. On May 20, 2019, Marriott was served with the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, which constitutes all process, pleadings and orders received by Defendant in this matter, is attached hereto as **Exhibit A**.

3. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after May 20, 2019, the first and only date on which Defendant was provided with any pleading or other paper in this matter, and this case has been on file for less than one year.

## Nature of Claims

4. In his Complaint, Plaintiff—a former Marriott employee—alleges he was "subjected to discrimination HosTiL [sic] work envirment [sic] retaliation wrongfull [sic] termination and aiding and Bidding [sic]." (*See* Exhibit A).

5. Based upon these allegations, Plaintiff purports to assert claims against Defendant for breach of the New York State Human Rights Law.

## Diversity Jurisdiction

6. This action is removable to this Court pursuant to 28 U.S.C. § 1441 in that, as shown below, it is one over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states.

7. The sole plaintiff is an individual residing at 55 Whippoorwill Lane, Sparta, New Jersey. (*See* Exhibit A).

8. The sole defendant, Marriott International, Inc., is a publicly-traded Delaware corporation with its principal place of business in Bethesda, Maryland. (*See Id.*) Accordingly, Defendant is a citizen of the state of Delaware and Maryland for purposes of 28 U.S.C. § 1332(a)(1).

9. As such, there is complete diversity between all plaintiffs and all defendants.

10. Plaintiff purports to assert claims under the New York Human Rights Law, under which he may seek, *inter alia*, compensation for loss of wages, emotional distress damages, and

compensatory damages. Plaintiff's employment was terminated in May 2016, more than three years ago, and so if Plaintiff prevails, his lost wages would be in excess of $75,000.

11.     Accordingly, the total amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Bray v. Purple Eagle Entm't, Inc.*, 2019 U.S. Dist. LEXIS 10202, at *8 (S.D.N.Y. Jan. 18, 2019) (in determining whether amount in controversy requirement is satisfied, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount" to defeat jurisdiction) (quoting *St. Paul Mercurty Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *Nwanze v. Time, Inc.*, 125 Fed. Appx. 346 (2d Cir. 2005).

12.     Accordingly, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Venue

13.     The Southern District of New York is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Supreme Court of New York, New York County, located within the Southern District of New York, and the actions which give rise to this matter allegedly occurred in Manhattan, also located within the Southern District of New York.

## Notice

14.     Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal is being submitted for filing to the Clerk of the Supreme Court of New York, New York County, and is being served upon Plaintiff. A copy of Defendant's Notice of Filing of Notice of Removal and Certificate of Service is attached hereto as **Exhibit B**.

## Basis for Removal

15. Based on the foregoing, this action is properly removable under 28 U.S.C. §§ 1441(a) on the ground that this Court has original jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction).

16. This Notice of Removal is being filed within 30 days after the basis for removal was asserted, and is therefore timely under 28 U.S.C. § 1446(b).

17. In filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint.

18. The same parties are also litigants in an earlier filed action brought by Plaintiff against Marriott. That case, *Gebrial Rasmy v. Marriot International, Inc.*, Civil Action No. 1:16-cv-4865-AJN-OTW, was dismissed via summary judgment by The Honorable Alison J. Nathan, U.S.D.J., on September 28, 2018. *See Rasmy v. Marriott Int'l, Inc.*, 343 F. Supp. 3d 354 (S.D.N.Y. 2018). That decision is currently on appeal to the U.S. Court of Appeals for the Second Circuit, identified as Case No. 18-3260.

**WHEREFORE**, Defendant respectfully requests that this matter be removed to the United States District Court for the Southern District of New York and requests that this Court assume full jurisdiction over this action as provided by law.

FORD HARRISON LLP

Dated: June 14, 2019

s/*Mark A. Saloman*
Mark A. Saloman, Esq.
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
Telephone: (973) 646-7300
Facsimile: (973) 646-7301
*Attorneys for Defendant*

WSACTIVELLP:10564718.2

EXHIBIT A

[Print in black ink all areas in bold letters. This summons must be served with a complaint.]
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------X

                                                  SUMMONS

GEBRIAL RASHY
[your name(s)]           Plaintiff(s),            Index Number
        - against -
                                                  100285-19

MARRIOTT INTERNATIONAL CORP
[name(s) of party being sued]   Defendant(s).     Date Index Number
                                                  Purchased
--------------------------------------------------X

To the Person(s) Named as Defendant(s) above:

   PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

   YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: 03/05 , 2019    Gebrial Rashy  GEBRIAL RASHY
      [date of summons]    [sign and print your name]

                       55 WHIPPOORWILL LANE
                       [your address(es), telephone number(s)]

                       SPARTA NJ 07871

                       973-440-7465

Defendant(s) MARRIOTT INTERNATIONAL CORP       FILED
             10400 FERNWOOD RD,
             BETHESDA, MD 20817                MAR 06 2019
                                               COUNTY CLERK'S OFFICE
             [address(es) of party being sued]    NEW YORK

Venue: Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation is:
[check box that applies]
 ☐ Plaintiff's(s') residence in New York County
 ☐ Defendant's(s') residence in New York County
 ☑ Other [See CPLR Article 5]:

Index No. _____ /20__

GEBRIAL RASMY, Plaintiff,

-Against-

COMPLAINT

MARRIOTT INTERNATIONAL CORP

Defendant,

_____ x

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff _____ respectfully
shows and alleges as follows:

I have been subjected to discrimination
Hostile work environment retaliation
wrongfull terminations and aiding and
bidding.

_____
_____
_____
_____
_____
_____
_____
_____

Dated: 03/05/2019

GEBRIAL RASHY
Plaintiff

**VERIFICATION**

GEBRIAL RASHY , being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on the information and belief and as to those matters I believe them to be true.

Signature

GEBRIAL RASHY
Print Name

State of New York
County of New York

Sworn to before me this
5th day of March 2019

Notary Public

JUNISE JAIME
Notary Public, State of New York
No. 04JA6325007
Qualified in New York County
Commission Expires May 18, 2019



EXHIBIT B

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| GEBRIAL RASMY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL CORP.,<br><br>　　　　　Defendant. | Index No. 100285-19<br><br>**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that on June 14, 2019, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Marriott International, Inc. (improperly pled as "Marriott International Corp.") ("Defendant" or "Marriott") has filed on this day a Notice of Removal with the United States District Court for the Southern District of New York in the above-captioned matter. A true and correct copy of the Notice of Removal is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in the United States District Court, together with the filing of this Notice, affects the immediate removal of this case to the United States District Court for the Southern District of New York and this Court may proceed no further unless and until the case is remanded.

　　　　　　　　　　　　　　　　　　　　FORD HARRISON LLP

Dated: June 14, 2019　　　　　　　　　s/*Mark A. Saloman*
　　　　　　　　　　　　　　　　　　　　Mark A. Saloman, Esq.
　　　　　　　　　　　　　　　　　　　　300 Connell Drive, Suite 4100
　　　　　　　　　　　　　　　　　　　　Berkeley Heights, New Jersey 07922
　　　　　　　　　　　　　　　　　　　　Telephone: (973) 646-7300
　　　　　　　　　　　　　　　　　　　　Facsimile: (973) 646-7301
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| GEBRIAL RASMY,<br><br>        Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL CORP.,<br><br>        Defendant. | Index No. 100285-19<br><br>**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S CERTIFICATE OF SERVICE** |

**I HEREBY CERTIFY** that a true and correct copy of Defendant's Notice of Filing of Notice of Removal has been filed with the Supreme Court of New York, New York County via electronic filing to the following address:

    New York Supreme Court
    Clerk's Office
    60 Centre Street Rm 161
    New York, New York 10007

I further certify that copies of the same were served upon Plaintiff, *pro se*, by Hand Delivery, to the following address:

    Gebrial Rasmy
    55 Whippoorwill Lane
    Sparta, New Jersey 07871

                                                                     FORD HARRISON LLP

Dated: June 14, 2019                            s/*Mark A. Saloman*
                                                             Mark A. Saloman, Esq.
                                                              300 Connell Drive, Suite 4100
                                                              Berkeley Heights, New Jersey 07922
                                                              Telephone: (973) 646-7300
                                                              Facsimile: (973) 646-7301
                                                              *Attorneys for Defendant*

WSACTIVELLP:10564738.1

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEBRIAL RASMY,<br><br>   Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL CORP.,<br><br>   Defendant. | Civil Action No._____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Marriott International, Inc. (improperly pled as "Marriott International Corp.") ("Marriott" or "Defendant"), by and through its undersigned attorneys, hereby removes the above-captioned matter from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. Removal is proper based upon the following:

### Commencement of Action in State Court

1.  *Pro se* plaintiff Gebrial Rasmy ("Plaintiff") commenced a civil action in the Supreme Court of the State of New York, New York County, by filing a Complaint on or about March 6, 2019 captioned "*Gebrial Rasmy v. Marriott International Corp.,*" Index No. 100285-19 ("Complaint").

2.  On May 20, 2019, Marriott was served with the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, which constitutes all process, pleadings and orders received by Defendant in this matter, is attached hereto as **Exhibit A**.

3.      This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after May 20, 2019, the first and only date on which Defendant was provided with any pleading or other paper in this matter, and this case has been on file for less than one year.

### Nature of Claims

4.      In his Complaint, Plaintiff—a former Marriott employee—alleges he was "subjected to discrimination HosTiL [sic] work envirment [sic] retaliation wrongfull [sic] termination and aiding and Bidding [sic]." (*See* Exhibit A).

5.      Based upon these allegations, Plaintiff purports to assert claims against Defendant for breach of the New York State Human Rights Law.

### Diversity Jurisdiction

6.      This action is removable to this Court pursuant to 28 U.S.C. § 1441 in that, as shown below, it is one over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states.

7.      The sole plaintiff is an individual residing at 55 Whippoorwill Lane, Sparta, New Jersey. (*See* Exhibit A).

8.      The sole defendant, Marriott International, Inc., is a publicly-traded Delaware corporation with its principal place of business in Bethesda, Maryland. (*See Id.*) Accordingly, Defendant is a citizen of the state of Delaware and Maryland for purposes of 28 U.S.C. § 1332(a)(1).

9.      As such, there is complete diversity between all plaintiffs and all defendants.

10.     Plaintiff purports to assert claims under the New York Human Rights Law, under which he may seek, *inter alia*, compensation for loss of wages, emotional distress damages, and

compensatory damages. Plaintiff's employment was terminated in May 2016, more than three years ago, and so if Plaintiff prevails, his lost wages would be in excess of $75,000.

11. Accordingly, the total amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Bray v. Purple Eagle Entm't, Inc.*, 2019 U.S. Dist. LEXIS 10202, at *8 (S.D.N.Y. Jan. 18, 2019) (in determining whether amount in controversy requirement is satisfied, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount" to defeat jurisdiction) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *Nwanze v. Time, Inc.*, 125 Fed. Appx. 346 (2d Cir. 2005).

12. Accordingly, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Venue

13. The Southern District of New York is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Supreme Court of New York, New York County, located within the Southern District of New York, and the actions which give rise to this matter allegedly occurred in Manhattan, also located within the Southern District of New York.

## Notice

14. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal is being submitted for filing to the Clerk of the Supreme Court of New York, New York County, and is being served upon Plaintiff. A copy of Defendant's Notice of Filing of Notice of Removal and Certificate of Service is attached hereto as **Exhibit B**.

**Basis for Removal**

15. Based on the foregoing, this action is properly removable under 28 U.S.C. §§ 1441(a) on the ground that this Court has original jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction).

16. This Notice of Removal is being filed within 30 days after the basis for removal was asserted, and is therefore timely under 28 U.S.C. § 1446(b).

17. In filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint.

18. The same parties are also litigants in an earlier filed action brought by Plaintiff against Marriott. That case, *Gebrial Rasmy v. Marriot International, Inc.*, Civil Action No. 1:16-cv-4865-AJN-OTW, was dismissed via summary judgment by The Honorable Alison J. Nathan, U.S.D.J., on September 28, 2018. *See Rasmy v. Marriott Int'l, Inc.*, 343 F. Supp. 3d 354 (S.D.N.Y. 2018). That decision is currently on appeal to the U.S. Court of Appeals for the Second Circuit, identified as Case No. 18-3260.

**WHEREFORE**, Defendant respectfully requests that this matter be removed to the United States District Court for the Southern District of New York and requests that this Court assume full jurisdiction over this action as provided by law.

FORD HARRISON LLP

Dated: June 14, 2019

*s/Mark A. Saloman*
Mark A. Saloman, Esq.
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
Telephone: (973) 646-7300
Facsimile: (973) 646-7301
*Attorneys for Defendant*